IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


PINEWOOD ENTERPRISES, L.L.C.                                    PLAINTIFF


VS.                          Case No. 4:12-cv-4057


DAVID KIMBRO STEPHENS;
DAPHNA ALICE STEPHENS;
LIVING HOPE INSTITUTE, INC.;
THE KIMBRO STEPHENS INSURANCE TRUST;
THE ALICE STEPHENS INSURANCE TRUST;
LIVING HOPE SOUTHEAST, LLC;
LIVING HOPE HEALING WATERS;
STEPHENS & COMPANY, INC.;
OUACHITA LIMITED PARTNERSHIP;
VERITAS LIMITED PARTNERSHIP;
THE AK TENNESSEE IRREVOCABLE TRUST;
MIKE GRUNDY; and ROBERT WILLIAMS                               DEFENDANTS


### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Pinewood Enterprises, LLC's Motion to Abstain and Remand. (ECF No. 15). On May 29, 2012, Defendants removed this case to federal court from the Circuit Court of Miller County, Arkansas pursuant to 28 U.S.C. § 1452 because one of the Defendants, Living Hope Southeast, LLC ("LHSE"), is a debtor in Chapter 11 bankruptcy, and this case is connected to that pending bankruptcy matter. (ECF No.'s 1-8). Pinewood seeks to have the case remanded to the Arkansas state court based on jurisdictional grounds and the doctrine of abstention.[1] The Defendants have responded. (ECF No. 17). The matter is ripe for the Court's consideration.

---

[1] Defendants have attempted to remove this case to federal court once before—on grounds similar to those now before the Court—after another Defendant David Kimbro Stephens filed for Chapter 7 Bankruptcy in November 2010. Upon Pinewood's motion to remand after removal, Judge Richard D. Taylor found that the court had

## BACKGROUND

This action arose out of a lease agreement between Pinewood and Living Hope Southwest Medical Services ("LHSW"). LHSW, the tenant, allegedly defaulted under the terms of the lease. Pinewood sued, as landlord, in the Circuit Court of Miller County, Arkansas to take possession of the property and recover damages for past due rent. On July 18, 2006, the state court entered an order for immediate possession of the property in favor of Pinewood. That same day, LHSW filed for bankruptcy. On December 29, 2009, Pinewood obtained relief from the automatic stay in LHSW's bankruptcy case to pursue its claims against the Defendants in state court.[2] Pinewood has since amended its complaint twice and restructured its theory of the case by adding certain claims and defendants. The thrust of Pinewood's second amended complaint now centers on claims of alter ego, corporate veil piercing, and fraud against various individuals and entities related to LHSW.[3]

In the months leading up to and following LHSW's default on the lease, Kimbro and Alice Stephens, owners of LHSW, allegedly engaged in a practice of using corporate shells to shift important corporate assets away from LHSW. During that time, the Stephenses formed several entities including: LH Healing Waters, LHSE, Living Hope Texarkana, Ouchita, Veritas, and the AK Trust. The Stephenses also owned or controlled other entities at the time that may have played a role in their scheme, such as the Stephens Family Limited Partnership, Living Hope Foundation, Living Hope Medical Services LLC, Living Hope New Boston LLC, and Living Hope Institute ("LHI").

---

jurisdiction over the case but that abstention was both required and appropriate under the circumstances. *In re David Kimbro Stephens: Stephens v. Pinewood Enterprises, LLC.*, No. 6:11-ap-07004 (W.D. Ark. Mar. 21, 2011). The court then remanded Pinewood's claims to state court. *Id.*

[2] LHSW is no longer a party in this case. Pinewood obtained relief from the automatic stay on the condition that it would not seek relief from the debtor in bankruptcy, LHSW.

[3] This case contains a rather elaborate procedural history that includes various proceedings in state court, bankruptcy court, and appeals from bankruptcy court to federal district court. For purposes of Pinewood's motion, an outline of the entire litigation history is not necessary. The Court has limited the background information herein accordingly.

The lease between Pinewood and LHSW was also partially guaranteed by LHI. On April 16, 2010, in the state court action, Pinewood obtained a consent judgment against LHI in the amount of $1,300,000 for past due rent, plus interest and fees. Despite this judgment, however, Pinewood believes that the Stephenses have effectively looted LHI, rendering it incapable of satisfying the judgment.

Pinewood claims that, after LHSW received notice of its default, the Stephenses began systematically shifting lucrative business operations from LHI to LHSE and other entities to shield assets from Pinewood. Pinewood contends that the Stephenses abused the corporate form of LHSW and LHI by comingling the companies' funds, personnel, and operations among other related entities. The Stephenses allegedly carried out this scheme for the purpose of evading their contractual obligations to Pinewood.

Pinewood's claims against LHSE are similar in nature to those against LHI. Pinewood asserts that LHSE is the alter ego of both LHI and LHSW and therefore is liable for the principle obligation of the debt owed by both of those entities. Pinewood also seeks to pierce the corporate veil of LHSE for its own abuse of the corporate form, as with LHSW and LHI.

On June 8, 2011, the bankruptcy court in LHSW's bankruptcy case enjoined Pinewood from proceeding against LHSE and the other Defendants in the state court action. LHSE had previously entered into an approved settlement with the bankruptcy trustee to liquidate certain claims of LHSW's creditors using LHSE funds. That settlement expressly excluded claims of alter ego and corporate veil piercing, like those brought by Pinewood. However, the bankruptcy court decided that an injunction against Pinewood was proper because Pinewood was unfairly attempting to satisfy its claims for damages by reaching the assets of LHSE, which were specifically contemplated by the settlement.

On appeal to the district court, Judge P.K. Holmes stayed that injunction. Judge Holmes concluded that Pinewood's claims did not belong to the bankruptcy trustee, but belonged to Pinewood as an individual creditor. He reasoned that the bankruptcy trustee's lack of standing as to Pinewood's claims was the very reason for their exclusion from LHSW's bankruptcy settlement. Judge Holmes also found it appropriate to allow Pinewood to proceed with its state court action because Pinewood's claims were not against LHSE alone, but also against LHI, an entity whose assets were not a part of the settlement.

Pinewood's action continued in state court until February 27, 2012, when LHSE filed for bankruptcy in the United States District Court for the Eastern District of Arkansas. Shortly thereafter, the Defendants removed the case to this Court based on its connection to LHSE's bankruptcy case. Specifically, the Defendants removed the case pursuant to 28 U.S.C. § 1452, which allows for removal of any civil action to a proper district court, if that district court has jurisdiction over the action pursuant to 28 U.S.C. § 1334. Pinewood seeks to have the case remanded to state court for lack of jurisdiction under § 1334, and in the alternative, asks the Court to abstain according to § 1334's abstention provisions.

## DISCUSSION

There are two issues before the Court: (1) whether a district court has jurisdiction to hear Pinewood's claims under 28 U.S.C. § 1334; and if so, (2) whether the Court should abstain from resolution of the case. The Court answers the jurisdictional question in the affirmative, but finds that abstention in this circumstance is required.

### I.    Jurisdiction Pursuant to 28 U.S.C. § 1334

Section 1334 confers jurisdiction upon district courts in several circumstances where title 11 of the Bankruptcy Code may be implicated. Two of these jurisdictional provisions are

relevant to this case. Section 1334(b) confers original, but not exclusive, jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under title 11." Section 1334(e)(1), on the other hand, provides exclusive jurisdiction over all property of a debtor—in this case LHSE—once that debtor has commenced a case in bankruptcy court. The Defendants assert that both of these provisions provide a jurisdictional basis for Pinewood's claims. The Court will address each in turn.

### a.  Section 1334(b)

To determine whether jurisdiction is present under § 1334(b), the Court must decide whether Pinewood's claims arise under, arise in, or are related to LHSE's bankruptcy case. If Pinewood's claims fall under any of these three categories, then jurisdiction is present.

"The phrase 'arising under' applies to proceedings that involve causes of action expressly created or determined by title 11, such as causes of action to recover fraudulent conveyances and preferential transfers, section 544 avoidance actions, dischargeability proceedings, and similar rights that would not exist had there been no bankruptcy." *In re Williams*, 256 B.R. 885, 891 (8th Cir. 2001). "The phrase 'arising in' generally refers to administrative matters that, although not expressly created by title 11, would have no existence but for the fact that a bankruptcy case was filed." *Id.* "Related to" proceedings are "civil proceedings which do not invoke a substantive right created by bankruptcy but nonetheless fall within the jurisdiction of the bankruptcy court because they share a nexus with the bankruptcy case and will have some 'conceivable effect' on the administration of the debtor's estate." *Id*; *see also In re Wright*, 353 B.R. 627, 654 (E.D. Ark. 2006).

In this case, the Court has jurisdiction over Pinewood's claims because they are "related to" LHSE's bankruptcy case, but not because they "arise under" or "arise in" the bankruptcy

case. In LHSE's Notice of Removal (ECF No's 1-8), it asserts that Pinewood brought this action seeking to "pierce the corporate veil" of LHSW to hold LHSE and other Defendants liable for LHSW's breach of contract under the lease agreement. Pinewood is also seeking to pierce the corporate veil of LHI, a partial guarantor on the lease, to hold other Defendants responsible for the consent judgment that Pinewood already received against LHI in the state court action. Pinewood maintains that Kimbro and Alice Stephens essentially looted both LHSW and LHI. These are state law claims that were not created by or determined by title 11. Rather, such claims invoke Arkansas law governing corporations. Thus, Pinewood's claims do not "arise under" title 11.

This conclusion is further supported by Judge Holmes's decision on appeal in LHSW's bankruptcy case to stay the injunction issued against Pinewood by the bankruptcy court.[4] Judge Holmes emphasized that the bankruptcy court had excluded certain claims from the approved settlement between the bankruptcy trustee and LHSE regarding LHSW's bankruptcy estate. The claims excluded were precisely those brought by Pinewood—causes of action brought under an alter ego or veil piercing theory of liability. Judge Holmes reasoned that these claims were excluded from the settlement because they were state law claims that belonged to the individual creditors, not the trustee in bankruptcy.[5] In other words, Pinewood's claims were *not* rights that would not exist had there been no bankruptcy. Likewise, in this instance, Pinewood's corporate veil piercing claims do not "arise under" title 11.

Pinewood's claims also do not "arise in" title 11 because the claims against the remaining Defendants in this action exist notwithstanding the fact that LHSE filed for bankruptcy. Indeed, Pinewood filed its claims against the Defendants, including LHSE, before LHSE even filed for

---

[4] *See In re Living Hope Southwest Medical Services, LLC*; *Pinewood Enterprises, LLC, Appellant, v. Renee S. Williams, Appellee*, Case No. 4:11-cv-4059, at *10-11 (W.D. Ark. Jan. 11, 2012).
[5] *Id.*

bankruptcy. Therefore, the only appropriate jurisdictional basis for Pinewood's claims under § 1334(b) is "related to" jurisdiction.

Pinewood's claims against the Defendants are related to LHSE's bankruptcy case because the outcome could have some conceivable effect on the administration of LHSE's bankruptcy estate. For example, although the claims that Pinewood pursues are separate from LHSE's bankruptcy case, a judgment against the Defendants might necessarily alter LHSE's rights or liabilities to other creditors. *See Dogpatch Prop., Inc. v. Dogpatch USA, Inc.*, 810 F.2d 782, 786 (8th Cir. 1987). Such an effect is sufficiently related to a title 11 case to warrant this Court's jurisdiction under § 1334(b).

### b.  Section 1334(e)(1)

Unlike Section § 1334(b), § 1334(e)(1) confers *exclusive* jurisdiction upon a district court. District courts have jurisdiction over "all the property, wherever located, of the debtor as of the commencement of [the debtor's bankruptcy case]." The Defendants urge that, because LHSE has a pending bankruptcy case, which confers exclusive jurisdiction over LHSE's property, the Court is required to also exercise jurisdiction over Pinewood's claims against LHSE—which necessarily implicate LHSE's property. This argument lacks merit for two reasons.

First, the Defendants are indirectly attempting to convert § 1334(b)'s "related to" jurisdiction into a form of exclusive jurisdiction under § 1334(e)(1). The Defendants seem to conflate the two subsections. The Defendants' argument suggests that, if an entirely separate cause of action from the bankruptcy case could have a conceivable effect on a debtor's bankruptcy estate, then this Court has exclusive jurisdiction over that action. Such a conclusion defeats the purpose of § 1334(b). In fact, it renders superfluous § 1334(b)'s grant of original,

*non-exclusive* jurisdiction in all cases that arise under, arise in, or merely relate to a bankruptcy case.

Second, for the Court to exercise jurisdiction over Pinewood's claims under § 1334(e)(1), it would seem necessary to assume that LHSE, the debtor in bankruptcy, is the only defendant. That, however, is not the case. There are at least 12 other Defendants in this case that are non-debtors and not involved in LHSE's bankruptcy case. When a non-debtor, like Pinewood, brings suit against another non-debtor—as with the remaining non-bankruptcy Defendants in this case—jurisdiction is not the exclusive province of the bankruptcy court merely because the claims are peripherally related to a debtor's bankruptcy estate. *See In re Titan Energy, Inc.*, 837 F.2d 325, 333 (8th Cir. 1988) (abstaining and remanding a case to state court involving two non-debtor parties even though the claims implicated the debtor's bankruptcy estate).

Accordingly, the Court finds that jurisdiction over Pinewood's claims pursuant to § 1334(b) is proper, but not under § 1334(e)(1). Because the jurisdictional basis for resolving Pinewood's claims is not exclusive, this case remains subject to the abstention provisions under § 1334.

## II.     Abstention under 28 U.S.C. § 1334

Section 1334 provides two grounds for abstention despite the presence of a jurisdictional basis for resolving the case: one is mandatory and the other is permissive. The mandatory abstention provision states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). If abstention is not mandatory, then the Court may nevertheless abstain under § 1334(c)(1) "in the interest of justice or in the interest of comity with State courts or respect for State law…." Here, because the Court finds that it must abstain under the mandatory provision, it need not address permissive abstention.

Abstention is mandatory under § 1334 if four basic elements are present upon the timely motion of a party: (1) the action is based on a state law claim or state law cause of action; (2) the action is related to a case under title 11 but does not arise under or arise in a bankruptcy case; (3) the action could not have been commenced in a district court absent jurisdiction under § 1334; and (4) the action can be timely adjudicated in a state forum.

In this case, Pinewood filed a timely motion for abstention and all four elements are met. First, Pinewood's claims are based on state law because they center on alter ego and corporate veil piercing theories of liability. Arkansas law governs such actions, not the Bankruptcy Code.

Second, this case does not arise under or arise in a title 11 case because, as discussed above, Pinewood's claims are distinct from those determined by title 11. Pinewood's state law claims would exist even if LHSE's bankruptcy case was never filed. Pinewood also filed this action before LHSE filed its bankruptcy case. Instead, this action is merely related to LHSE's title 11 case because the outcome could have some conceivable effect on LHSE's bankruptcy estate.

Third, this action could not have been brought in federal court if not for the "related to" jurisdictional basis under § 1334(b). The Defendants did not assert any other basis for their removal to federal court. However, even if they had done so, the parties in this case are not diverse, and no federal question is at stake.

Finally, there is nothing to suggest that this case cannot be timely adjudicated in a state forum. Pinewood initially filed this action in the Circuit Court of Miller County, Arkansas in 2006. Since that time, the state court has held hearings, issued a preliminary injunction, and entered a judgment against one of the Defendants. Aside from the two amended complaints filed by Pinewood, any delays that have occurred in the state court action are attributable to the Defendants. Therefore, absent any further delay, the Arkansas state appears poised to adjudicate the case. Accordingly, the Court must abstain from hearing Pinewood's claims against the Defendants pursuant to 28 U.S.C. § 1334(c)(2).

## CONCLUSION

While the Court has jurisdiction to adjudicate Pinewood's claims against the Defendants pursuant to 28 U.S.C. § 1334(b), mandatory abstention applies under 28 U.S.C. § 1334(c)(2). Therefore, the Court finds that Plaintiff Pinewood Enterprises, Inc.'s Motion to Abstain and Remand should be and hereby is **GRANTED**. This case is remanded to the Circuit Court of Miller County, Arkansas for further proceedings.

**IT IS SO ORDERED**, this 5th day of December, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge